**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed April 3, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00282-CR

### IN RE ROBERT MARTINEZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1119772**

## MEMORANDUM OPINION

On March 26, 2012, relator Robert Martinez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County to respond to relator's petition for writ of habeas corpus pending before him. Relator further asks this court to compel the Harris County District Attorney's office to respond to his petition, and Chris Daniel, the Harris

County District Clerk, to forward his petition to the Court of Criminal Appeals. We dismiss relator's petition for want of jurisdiction.

Relator was convicted in 2008 of aggravated robbery. This court affirmed relator's conviction on November 10, 2009. *See Martinez v. State*, No. 14-08-00345-CR; 2009 WL 3734154 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). In this mandamus proceeding, relator alleges he filed a post-conviction petition for writ of habeas corpus with the trial court on August 26, 2011. He alleges the trial court has failed to act on his petition, the district attorney has failed to respond, and the district clerk has failed to forward his petition to the Court of Criminal Appeals.

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) under the facts and the law, the act sought to be compelled is purely ministerial; and (2) he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding). An act is ministerial if the law dictates the duty to be performed with such certainty that nothing is left to the exercise of discretion. *State ex rel. Healy v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding).

While the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991). This court has no authority to issue a writ of mandamus to compel a district court judge to rule on matters seeking post-conviction relief from final felony convictions. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex .App.—Houston [1st Dist.] 2001, orig. proceeding). Instead, the Court of Criminal Appeals has jurisdiction to compel a trial court judge to act on a post-conviction petition for habeas corpus. *See McCree v. Hampton*, 824 S.W.2d 578, 578–79 (Tex. Crim. App. 1992).

2

Because relator is seeking to compel the trial court to rule on his post-conviction petition for writ of habeas corpus, we conclude we do not have jurisdiction over this proceeding.

We similarly lack jurisdiction to issue writ of mandamus against the district attorney and the district clerk. *See* Tex. Gov't Code Ann. § 22.221.

Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3